IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARTIN ROSS,

        Petitioner,   :   Case No. 3:22-cv-003

- vs -   District Judge Thomas M. Rose
   Magistrate Judge Michael R. Merz

JENNY HILDEBRAND, Warden,
  London Correctional Institution,

       :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 4) to the Magistrate Judge's Report and Recommendations (Report, ECF No. 5) recommending dismissal of the Petition on initial screening under Rule 4 of the Rules Governing § 22454 Cases.  District Judge Rose has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 6).

## Analysis

Ross pleads two grounds for relief, to wit, that he was convicted against the manifest weight of the evidence (Ground One) and that he was convicted on constitutionally insufficient evidence (Ground Two).  The Report recommended that Ground One be dismissed because it does not state a claim under the Constitution upon which habeas corpus relief can be granted (ECF No. 3, PageID

1

18). On Ground Two, the Report concluded the Ohio Second District Court of Appeals decision on this claim was an objectively reasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979), and was therefore entitled to deference under 28 U.S.C. § 2254(d)(1). *Id.* at PageID 23. Petitioner objects as to both Grounds for Relief.

**Ground One: Manifest Weight of the Evidence**

Petitioner says he disagrees with the Magistrate Judge's conclusion as to Ground One

> Because a weight of the evidence argument [sic] challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive. When evaluating whether a conviction is against the weight of the evidence, the Appellate Court must review then entire record, weigh the evidence and all reasonable inferences [,] consider witness credibility and determine whether in resolving conflicts in the evidence the trier of fact clearly lost its way.

(Objections, ECF No. 4, PageID 26).

This is a completely accurate description of the law on manifest weight claims. In fact, Petitioner cites the leading Ohio Supreme Court case on this subject, *State v. Thompkins,* 78 Ohio St. 3d 380 (1997).

But a federal habeas corpus court does not sit to hear appeals from Ohio trial courts or Ohio appellate courts. As stated in the Report

> This Court cannot reach the merits of Ground One because a manifest weight claim does not state a claim upon which habeas corpus relief can be granted. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), Barclay v. Florida, 463 U.S. 939 (1983). A manifest weight of the evidence

2

> claim is not a federal constitutional claim, but arises only under state law. *Johnson v. Havener,* 534 F.2d 1232 (6th Cir. 1986).

(ECF No. 3, PageID 18). *Johnson v. Havener* is binding precedent which controls this Court. Petitioner does not cite any federal law to the contrary.

On reconsideration then, the Magistrate Judge again respectfully recommends Ground One be dismissed for failure to state a claim under the United States Constitution.

**Ground Two: Insufficient Evidence**

Unlike Ground One, Ground Two does state a claim this Court can hear in habeas corpus. The Report considered Ground Two on the merits and found that the Second District Court of Appeals decision was a reasonable application of *Jackson, supra.*

Ross objects first that the Magistrate Judge did not consider the report of the State's medical expert, Richard Strait, M.D., which allegedly shows there was no physical evidence to support the accusation of rape (Objections, ECF No. 4, PageID 26). It is correct that Dr. Strait's report was not considered because Ross did not attach it to his Petition and the Magistrate Judge recommended dismissal without ordering an answer and production of the state court record. Ross apparently also did not rely on that report on direct appeal, because it is not mentioned in Judge Tucker's opinion. *State v. Ross*, 2020-Ohio-6958 (Ohio App. 2nd Dec. 30, 2020).

The facts that are mentioned in that opinion show that there was sufficient evidence to convict. The victim identified Ross and testified what he did to her. Ross calls this "heresay" testimony, but it was not. Hearsay is an out-of-court statement offered as proof. Ohio R. Evid. 801. The complaining witness testified live in open court and was subject to cross- examination,

as the Second District's decision shows. As Judge Tucker noted, even if all the other evidence is discarded, the testimony of a rape victim is sufficient for conviction. *Ross, supra*, at ¶ 22. That is consistent with the position long held by the Sixth Circuit Court of Appeals. [T]his Court has long held that the testimony of the victim alone is constitutionally sufficient to sustain a conviction. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008), *citing United States v. Terry*, 362 F.2d 914, 916 (6th Cir. 1966) ("The testimony of the prosecuting witness, if believed by the jury, is sufficient to support a verdict of guilty."); see also *O'Hara v. Brigano*, 499 F.3d 492, 500 (6th Cir. 2007) (holding that victim's testimony that habeas petitioner abducted her and raped her was constitutionally sufficient to sustain conviction despite lack of corroborating witness or physical evidence); *United States v. Howard,* 218 F.3d 556, 565 (6th Cir. 2000) (holding that even if the only evidence was testimony of the victim, that is sufficient to support a conviction, even absent physical evidence or other corroboration); *United States v. Jones*, 102 F.3d 804, 807 (6th Cir. 1996) (noting that there is sufficient evidence to support a conviction even if the "circumstantial evidence does not remove every reasonable hypothesis except that of guilt") (internal quotation marks omitted).

As to physical evidence, Ross claims that the State had a pair of his shorts tested for DNA and only his DNA was found (Objections, ECF No. 4, PageID 27). If there had been a sexual assault, the victim's DNA would also have been found, he claims. *Id.* This is a misstatement of the evidence. It was the **victim's** underwear that was tested and Ross could not be excluded as a contributor. *Ross, supra*, at ¶ 21. Ross offers no explanation of what his DNA was doing in the victim's underwear.

Because of the victim's testimony, even if there had been nothing else, there was sufficient evidence to convict Ross. The Magistrate Judge adheres to his conclusion that there was sufficient

4

evidence to convict and Ground Two should therefore be dismissed.

**Conclusion**

Having reconsidered the case as directed by the Recommittal Order, the Magistrate Judge remains persuaded of his prior conclusions and therefore recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 18, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.